**BAKER LESHKO SALINE & BLOSSER, LLP**
*Attorneys for Plaintiff*
One North Lexington Avenue
White Plains, New York 10601-1712
914.681.9500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHESLEY McLAREN, <br><br> Plaintiff, <br><br> -against- <br><br> CHICO'S FAS, INC., <br><br> Defendant. | 10 Civ. 02481 (CS) <br><br> **AFFIDAVIT IN SUPPORT** |

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK  )

CHESLEY McLAREN, being duly sworn, deposes and says:

1. I am the plaintiff herein, and I submit this affidavit in support of my instant application for a preliminary injunction.

2. I am fully familiar with the facts and circumstances of this action.

3. This is a simple matter. I hold the federally protected copyrights on certain mannequin designs which I assert have been copied by defendant Chico's. I am asking this Court to grant my application to

1

stop Chico's from violating my rights.

4. I am a designer, illustrator and artist. My style, which I submit is distinctive, has brought me major commissions from Saks Fifth Avenue, Bergdorf Goodman, Neiman Marcus, Henri Bendel and Bloomingdales, as well as many other high end retailers and publishers. Mannequins which I have designed have been purchased by Saks Fifth Avenue, Neiman Marcus, Bergdorf Goodman, Lily Pulitizer as well as many other upscale retailers.

5. I have also written and illustrated two books, and have illustrated dozens of other books. I annex hereto as Exhibit "A" a few pages from my web site which are good illustrations of my style. I invite the Court to review my web site at www.chesleymclaren.com.

6. Prior hereto, I filed with the United States Copyright Office ("Copyright Office") in full compliance with the Copyright Act a series of twenty-four illustrations and designs.

7. On December 8, 2000, the Copyright Office issued me a Copyright for the Collection. A copy of the Certificate of Registration is annexed hereto as Exhibit "B".

8. Attached to this affidavit as Exhibit "C" are copies of some of these original works by me, numbered 1 through 24, hereinafter referred to as the "Collection".

9. Each original work shown in Exhibit "C" contains material wholly original with me and is copyrightable under the Copyright Act.

10. In particular, the Court's attention is drawn to picture number 19 of Exhibit

"C". This picture contains my designs for the three female mannequins in question.

11. Some of the designs represented in the Collection were, beginning in or around December 1, 1998, sold by Pucci International, Inc. (hereinafter "Pucci") in the form of female and male mannequins for sale to and use by high-end retail establishments such as Neiman Marcus and Bloomingdales. In particular, the female mannequins produced and distributed by Pucci were based on my copyrighted designs as shown in Exhibit "D". A copy of some of the pages of a brochure of Pucci showing my designs is annexed hereto as Exhibit "E".

12. My arrangement with Pucci was memorialized in a letter agreement which provides that for each mannequin sold by Pucci, I would receive a percentage of the sales. A copy of my agreement with Pucci, dated December 1, 1998, is annexed hereto as Exhibit "F".

13. I wish to point out to the Court that under my agreement with Pucci, I retained all intellectual property rights to the designs.

14. I contracted with Pucci, in part, due to the fine quality and workmanship it used in creating mannequins, and I never authorized the defendant (or anyone other than Pucci) to copy or duplicate any of my original works as set forth in the collection.

15. I was told by a certain representative of Pucci that it sold less than ten of the mannequins with the designs contained in the Collection to Chico's and was paid for a percentage of the sale in accordance with the Agreement. My

understanding was that a big order was "in the works". However, I was told by Pucci that it never received the "big order", nor I paid by Pucci, for any "big order".

16. I annexed hereto as Exhibit "G" a report I received from Pucci which indicates that I received a commission for sales to Chico's in the amount of $5,000.00. It is my understanding that each of the mannequins sold for approximately $1,000.00, so that Chico's purchased five (5) of the mannequins at that time (October-December 2002).

17. Recently, I discovered that Chico's was displaying in its retail stores female mannequins which were essentially identical to the ones as set forth in the Collection.

18. Annexed hereto as Exhibit "H" are pictures of the offending mannequins which were and may continue to be exhibited in Chico's store located in Fairfield and Westport, Connecticut. I have also seen these mannequins in Chico's stores located in Manhattan as well as in the Hamptons. (Annexed hereto as Exhibit "I" are pictures of the offending mannequins in the Chico's store located in Southampton, New York.

19. These mannequins which were, and may continue to be, in the Chico's stores were poor quality knock offs of the Pucci mannequins and not in keeping with the quality which Pucci would produce under my agreement with Pucci.

20. Due to the fact that the mannequins in the Chico's stores are poor copies of the authorized mannequins, it became apparent to me that Chico's was not

4

purchasing the mannequins from the only authorized source – Pucci – and was producing them or obtaining them from other non-authorized sources.

21. I believe that the continued exposition of the inferior mannequins of Chico's dilutes the copyright – my distinctive styles -- and harms my ability to sell the mannequins in question through legitimate means. Simply stated, it cheapens what I have created.

22. I ask this Court to grant my application prohibiting defendant from using my design to its benefit in clear violation of my rights under the Copyright Act.

CHESLEY McLAREN

Sworn to before me this
28 day of April, 2010

Notary Public

MITCHELL J. BAKER
Notary Public, State of New York
No. 02BA4991878
Qualified in Westchester County
Commission Expires February 10, 20 14

5