UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHESLEY McLAREN,<br><br>                    Plaintiff,<br><br>          -against-<br><br>CHICO'S FAS, INC.,<br><br>                    Defendant. | 10 Civ. 02481 (CS) |

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
PRELIMINARYINJUNCTION AND EITHER (A) THE WAIVING OF A SECURITY BOND
UNDER FED.R.CIV.P. 65(c), OR (B) AN ORDER PURSUANT TO FED.R.CIV.P. 65(a)(2),
ADVANCING THE TRIAL ON THE MERITS AND CONSOLIDATING IT WITH THE
INJUNCTION HEARING

BAKER LESHKO SALINE & BLOSSER, LLP
*Attorneys for Plaintiff*
One North Lexington Avenue
White Plains, New York 10601-1712
914.681.9500

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ 3

PRELIMINARY STATEMENT ......................................................................................... 4

STATEMENT OF FACTS ................................................................................................. 4

ARGUMENT ...................................................................................................................... 5

POINT I ............................................................................................................................... 5

McLAREN HAS ESTABLISHED A PRIMA FACIE CASE OF COPYRIGHT

INFRINGEMENT ............................................................................................................... 5

   A. McLAREN IS THE DULY REGISTERED, PRIMA FACIE OWNER OF VALID
   COPYRIGHTS IN THE MANNEQUINS IN QUESTION .............................................. 5

   B. CHICCO'S HAS UNLAWFULLY INFRINGED ON McLAREN'S COPYRIGHT
   INTERESTS ....................................................................................................................... 5

   C. McLAREN IS ENTITLED TO A PRELIMINARY INJUNCTION ............................. 5

   D. THE COURT SHOULD EITHER WAIVE THE REQUIREMENT OF THE POSTING OF
   A BOND OR, IN THE ALTERNATIVE, ORDER AN IMMEDIATE TRIAL ................... 6

CONCLUSION .................................................................................................................... 8

PRELIMINARY STATEMENT

Plaintiff Chesley McLaren (hereinafter "McLaren") respectfully submits this memorandum of law in support of her motion for the following relief: (1) a preliminary injunction, restraining the defendant and their agents and licensees from copying, producing and distributing mannequins of the designs of Ms. McLaren and registered by her with the Copyright Office; and (2) either the waiving of a security bond under Fed.R.Civ.P. 65(c), pursuant to the decisions of the Second Circuit Court of Appeals, or in the alternative, an order pursuant to Fed.R.Civ.P. 65(a)(2), advancing the trial of the merits of this action and consolidating the trial with the hearing of the part of this motion which seeks injunctive relief.

STATEMENT OF FACTS

The facts relevant to this motion are set forth in the accompanying affidavits of Chesley McLaren, Robert L. Pressman, Mallory Samson and Mitchell J. Baker and in the exhibits annexed thereto. Rather than repeat those facts here, we respectfully refer the Court to the affidavits.

ARGUMENT

POINT I

McLAREN HAS ESTABLISHED A *PRIMA FACIE*
CASE OF COPYRIGHT INFRINGEMENT

It is axiomatic that "[i]n order to establish copyright infringement, the plaintiff must show ownership of a valid copyright and unauthorized copying by the defendant of original constituent elements of the work." *Mulberry Thai Silks, Inc. v. K & K Neckwear, Inc.*, 897 F. Supp. 789, 791 (S.D.N.Y. 1995) (Kaplan .J.), *citing*, *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 111 S.Ct. 1282 (1991). As demonstrated below, McLaren has met each of these requirements.

A. McLAREN IS THE DULY REGISTERED, *PRIMA FACIE* OWNER OF VALID
COPYRIGHTS IN THE MANNEQUINS IN QUESTION

As is conclusively shown in the affidavit of Ms. McLaren and the exhibits thereto, she is the holder a copyright registration for the mannequins in question. Annexed to her affidavit is a copy of the Registration from the Copyright Office. As such, she is the *prima facie* owner of the copyrights in question. *Pivot Point International, Inc. v. Charlene Products, Inc.*, 372 F.3d 913 (7th Cir. 2004).

B. CHICO'S HAS UNLAWFULLY INFRINGED ON McLAREN'S COPYRIGHT
INTERESTS

The affidavit of Ms. McLaren as well as the other proof submitted herewith, show that Chico's is using mannequins which are "knock offs" of the ones of Ms. McLaren. It

is clear that Chico's had access to Ms. McLaren designs, and the average lay person would have the competing mannequins to be of substantially similar design.

## C. McLAREN IS ENTITLED TO A PRELIMINARY INJUNCTION

In this Circuit, a showing of a valid copyright registration on the part of the plaintiff, and unauthorized copying on the part of the defendants, is generally all that is required for the issuance of a preliminary injunction. *ABKCO Music v. Stellar Records*, 96 F.3d 60, 64 (2d Cir. 1996) ("To demonstrate likelihood of success," a plaintiff must show "that it owns valid copyrights, and that [the defendant] has engaged in unauthorized copying" - - "irreparable harm may be presumed"); *Hasbro Bradley, Inc. v. Sparkle Toys, Inc.*, 780 F.2d 189, 192 (2d Cir. 1985) (where unauthorized copying is shown, "the only issue before us in reviewing the grant of a preliminary injunction is whether [plaintiff's] copyrights are valid," and "[u]nder § 410(c) of the Act, [plaintiff's] certificates of copyright are *prima facie* evidence that the copyrights are valid"); *Russ Berrie & Co. v. Jerry Elsner Co.*, 482 F. Supp. 980, n.2 (S.D.N.Y. 1980) (Haight, U.S.D.J.) ("In infringement actions in this Circuit, entitlement to preliminary relief follows from a demonstration of probable success on the merits, without the need for a specific showing of irreparable harm.") (emphasis added).

Accordingly, given McLaren's Certificate of Registration, together with the fact that the Defendant is copying and distributing her copyrighted materials without her permission, McLaren has met every requirement for entitlement to a preliminary injunction in this Circuit.

D.   THE COURT SHOULD EITHER WAIVE THE REQUIREMENT OF THE POSTING OF A BOND OR, IN THE ALTERNATIVE, ORDER AN IMMEDIATE TRIAL

In this Circuit, there is "no question" that the District Courts have wide discretion under Fed.R.Civ.P. 65(c) to waive the posting of a security bond, and such a waiver is encouraged especially where the party seeking an injunction is indigent or otherwise unable to afford the bond requested by the defendant. *Pharmaceutical Society of the State of New York, Inc. v. New York State Dept. of Social Services*, 50 F.3d 1168, 1174-75 (2d Cir. 1995) ("the district court correctly waived the bond," such that "the party seeking the injunction is relieved from posting a [$25 million] bond it cannot afford," even though the party admittedly is "pursuing its pecuniary interests" in the litigation); *see*, *United States v. Bedford Assoc.*, 618 F.2d 904, 916 (2d Cir. 1980) ("there [is] no question here that the district court had the power to deny a bond"), *cert. denied*, 456 U.S. 914 (1982); *Doctor's Associates, Inc. v. Stuart*, 85 F.3d 975, 985 (2d Cir. 1996) ("The phrase 'in such sum as the court deems proper' indicates that the District Court has wide discretion in the matter of security").

This Court in particular has declined to require a bond on numerous occasions where such a requirement would have made it impossible for plaintiffs to obtain injunctive relief. *Brown v. Giuliani*, 158 F.R.D. 251, 270 (S.D.N.Y. 1994) ("due to plaintiffs' indigency and inability to afford the cost of a bond, the effectiveness of this preliminary injunction is not conditioned upon the posting of a bond pursuant to Rule 65(c)"); *La Plaza Defense League v. Kemp*, 742 F. Supp. 792, 807 (S.D.N.Y. 1990) ("Since plaintiffs apparently do not have sufficient resources to post a security bond, they

would be precluded from maintaining this action if such a bond were required"); *Bass v. Richardson*, 338 F. Supp. 478, 490 (S.D.N.Y. 1971).

In the case here, McLaren is not individual of great means. No one can dispute that to require McLaren to post the large bond which the defendant inevitably will request, or any significant bond at all, effectively would be to prohibit her from exercising her rights under the Copyright Act.

From a public policy standpoint, to require a bond under such circumstances would be to say that the injunctive relief expressly provided by Congress, which is the most effective mechanism for enforcement of the rights of artists and creators, is off-limits to any plaintiff whose means are limited, and whose copyrights are infringed in a financially successful manner. Such a ruling, in effect, would hold that impecunious artists are not entitled to preliminary injunctive relief unless the infringement of their work is a commercial failure. That obviously was not the intention of Congress, and the Defendants should not be allowed to obtain any such ruling here.

In the alternative, McLaren requests, pursuant to Fed.R.Civ.P 65(a)(2), that the Court "order the trial of the action on the merits to be advanced and consolidated with the hearing of the application" for a preliminary injunction. Should the Court have the time in its schedule, McLaren respectfully requests that a short, non-jury trial on her claim for a permanent injunction be held within the next few weeks. Because the security provisions of Rule 65(c) apply only to preliminary injunctions, and not to permanent injunctions, the concerns relating to McLaren's financial hardship therefore would be obviated.

Moreover, we submit that any necessary discovery would be minimal, and that the trial of the liability/injunctive relief phase of this action should require no more than one

or two days.

CONCLUSION

For all of the reasons stated above, McLaren's motion for a preliminary injunction and other relief should be granted in its entirety, together with such other and further relief as this Court deems just and proper.

Dated: White Plains, New York
       April 27, 2010

                                 BAKER LESHKO SALINE & BLOSSER, LLP
                                 *Attorneys for Plaintiff*

                                 By: _____
                                    Mitchell J. Baker (MB-4339)
                                 One North Lexington Avenue
                                 White Plains, New York 10601-1712
                                 T - 914.681.9500
                                 F – 914.681.9505
                                 mbaker@bakerleshko.com