UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
CHESLEY MCLAREN,

                 Plaintiff,

          -v-

CHICO'S FAS, INC.,

                Defendant.
------------------------------------ x

       :

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/9/10

10 Civ. 2481 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.

       Plaintiff Chesley McLaren, a well known commercial illustrator and designer, brings this action against Chico's FAS, Inc. ("Chico's"), a retailer of women's clothes, alleging that Chico's displayed mannequins that infringed certain of Ms. McLaren's copyrighted designs that she had licensed to a manufacturer named Pucci International, Inc. ("Pucci") in order for Pucci to make mannequins and sell them to high-end retailers.  On July 9, 2010, Chico's moved to dismiss McLaren's complaint in its entirety on the basis that her copyright registration is invalid.  By Order dated September 27, 2010, the Court granted the motion and dismissed the complaint, in its entirety, with prejudice.  This Memorandum Order provides the reasons for that ruling and directs entry of final judgment.

       The following factual allegations are drawn from McLaren's complaint and the documents attached thereto.  In or about December 2000, McLaren applied to the U.S. Copyright Office for registration

of a collection of her designs in the form of twenty-four pages of
drawings (the "Collection").  Compl. ¶¶ 11-12 & Ex. A (Collection).
On December 8, 2000, the Copyright Office, based on the
representations in McLaren's application, issued McLaren a copyright
registration certificate for the Collection.  Id. ¶ 12 & Ex. B.
McLaren's application indicated among other things that the
Collection was created in 2000 and that McLaren first published the
Collection on November 4, 2000.  Id. Ex. B.

        Approximately two years earlier, McLaren had entered into a
written agreement with Pucci to make mannequins for sale to high-end
retailers based on her copyrighted designs, including some of the
designs eventually represented in the Collection.  Id. ¶¶ 14, 16; see
also Decl. of Kristen McCallion, 7/9/10 ("McCallion Decl."), Ex. A
(agreement between McLaren and Pucci dated 12/1/98).  McLaren alleges
that at some unspecified time, she learned that Chico's had been
displaying female mannequins "essentially identical" to those
included in the Collection even though neither she nor Pucci ever
authorized Chico's to make use of her copyrighted works.  Id. ¶¶ 18-
19, 24.  She also alleges that the Chico's mannequins are "poor
quality knock offs of the Pucci mannequins" and that these mannequins
continue to be displayed at Chico's stores  Id. ¶¶ 21, 28.
Accordingly, she seeks injunctive relief and damages to remedy this
alleged copyright infringement.

                                    2

The defendants moved to dismiss the complaint on the basis that the copyright registration for the Collection was invalid.  The possession of a valid copyright registration is a prerequisite to bringing a claim for copyright infringement.  See Whimsicality, Inc. v. Rubie's Costume Co., 891 F.2d 452, 453 (2d Cir. 1989); see also Thron v. HarperCollins Publishers, Inc., 2002 WL 1733640, at *1 (S.D.N.Y. July 26, 2002).

It is undisputed that by filing a single application for the registration of a number of drawings, McLaren was seeking what is called a "single work" registration, whereby she could pay a single filing fee for the registration of all drawings included in the Collection.  The regulation promulgated by the Register of Copyrights with respect to "single work" registrations provides in relevant part as follows:

> (i) For the purpose of registration on a single application and upon payment of a single registration fee, the following shall be considered a single work:
>
>> (A) In the case of published works: All copyrightable elements that are otherwise recognizable as self-contained works, that are included in a single unit of publication, and in which the copyright claimant is the same.

37 C.F.R. § 202.3(b)(4).[1]

_____

[1] This regulation also contains provisions addressing the "single" work regulation of unpublished works, which read as follows:

In the case of unpublished works: all copyrightable elements that are otherwise recognizable as self-contained works, and are combined in a single unpublished "collection." For these

3

The issue here in dispute is whether the Collection satisfied the requirements for a "single work" registration.  Chico's contends that the fact that some of the illustrations were first published separately prior to their alleged publication together in the Collection renders invalid the purported "single work" registration for the Collection.  In Chico's view, a collection of works can qualify for "single work" registration only when all the constituent materials are published in the subject collection together, simultaneously, and for the first time anywhere.  In response, McLaren argues that the prior publication of certain of the illustrations does not preclude the Collection from qualifying for "single work" registration.  For the following reasons, the Court adopts Chico's interpretation and accordingly dismissed the complaint.

---

> purposes, a combination of such elements shall be considered a "collection" if:
>
> > (1) The elements are assembled in an orderly form;
> >
> > (2) The combined elements bear a single title identifying the collection as a whole;
> >
> > (3) The copyright claimant in all of the elements, and in the collection as a whole, is the same; and
> >
> > (4) All of the elements are by the same author, or, if they are by different authors, at least one of the authors has contributed copyrightable authorship to each element.
>
> 37 C.F.R. § 202.3(b)(4)(i)(B).  These regulations are inapplicable here, however, because McLaren contends that the Collection was published prior to the registration.

4

Based on the allegations of the complaint alone, it cannot be disputed that McLaren published some of the illustrations in the Collection prior to November 4, 2000.  According to the complaint, the mannequin illustration from the Collection that Chico's allegedly infringed was previously licensed to Pucci pursuant to the December 1998 agreement.  See Compl. Exs. A & Ex. C.  By licensing the mannequin illustration to Pucci so that Pucci could produce and sell mannequins based on that drawing, McLaren "published" the drawing within the meaning of the Copyright Act.  See 17 U.S.C. § 101 (defining "publication" to mean "the distribution of copies. . . of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending," and providing that "[t]he offering to distribute copies . . . to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication"); see also Shoptalk, Ltd. v. Concorde-New Horizons Corp., 168 F.3d 586, 591 (2d Cir. 1999) ("the publication of the derivative work, to the extent that it discloses the original work, also constitutes publication of that underlying work").[2]

_____

[2] In addition, Chico's has conclusively demonstrated through judicially noticeable evidence that several other illustrations in the Collection were first published before November 4, 2000. By way of example, one of these illustrations was used as cover artwork for a book entitled You Forgot Your Skirt, Amelia Bloomer!, and McLaren applied for and obtained a copyright registration for this illustration in April 27, 2000.  McCallion Decl., Exs. B-C.  The Court finds that judicial notice can be taken of these and other related materials, which can therefore be considered in connection with the motion to dismiss.  See Staehr v. Hartford Fin. Servs. Group, Inc., 547 F.3d 406, 425 (2d

In considering whether this prior publication of certain drawings renders invalid McLaren's purported registration of the Collection as a "single work," the Court notes that there is no controlling case on point, though those few decisions that have addressed similar issues relating to "single work" registrations lend support to Chico's view.  Most notably, a California district court recently dismissed a copyright infringement claim on the ground that the plaintiff did not have a valid "single work" registration in a collection of fabric patterns because it sold one of the patterns included in that registration separately from the others.  See L.A. Printex Indus., Inc. v. Aeropostale, 2010 WL 2813800, at *5-6 (C.D. Cal. May 5, 2010).  The other cases cited by Chico's, while addressing this issue only indirectly and/or in dicta, appear to concur with this construction of the regulation.  See, e.g., R.F.M.A.S., Inc. v. Mimi So, 619 F. Supp. 2d 39, 60 (S.D.N.Y. 2009) (holding that holder of copyright registration raised a genuine issue of material fact "as to whether the items in the Registration were first included in a single unit of publication" (emphasis added)); Design Ideas, Ltd. v. Things Remembered, Inc., 2009 WL 426218, at *3 (C.D. Ill. Feb. 20, 2009) (holding that copyright registration for a collection of wire sculptures satisfied "single work" registration

---

Cir. 2008).  Indeed, McLaren expressly agrees that the Court should take judicial notice of these items, see Pl's Mem. Opp., 7/18/10, at 10 n.2, and thus implicitly concedes that certain of the illustrations in the Collection were first published before November 4, 2000.

6

requirements because photographs of the individual wire sculptures "were all included for the first time in a single unit of publication" in a catalog).

The Court also takes note that the clear position of the Copyright Office, as expressed in an amicus brief submitted in connection with a Third Circuit case involving interpretation of the "single work" registration requirements, is that "only those individual works <u>first published</u> in the single work will be covered by the single work registration." <u>Kay Berry, Inc. v. Taylor Gifts, Inc.</u>, 421 F.3d 199, 206 n.2 (3d Cir. 2005). This brief, in turn, cited section 607.01 of the Copyright Office's <u>Compendium II: Compendium of Copyright Office Practices</u>, which instructs: "Works that are otherwise recognizable as self-contained may be registered on a single application and upon payment of a single fee, if they are <u>first published</u> in a single unit of publication and the copyright claimant of all works in the unit is the same." <u>Id.</u> (emphasis added) (internal quotation marks omitted). While the views of the Copyright Office on this question are not dispositive, its interpretations, like those of any other agency, "may merit some deference whatever its form, given the 'specialized experience and broader investigations and information' available to the agency." <u>Morris v. Business Concepts, Inc.</u>, 283 F.3d 502, 505-06 (2d Cir. 2002) (quoting <u>Skidmore v. Swift & Co.</u>, 323 U.S. 134, 139 (1944)). Here, the Copyright Office's interpretation of the "single work" regulation in

light of its own practices is particularly compelling given that the regulation here in issue was promulgated to "codif[y] the pre-existing Copyright Office practice of allowing copyright owners to register multiple works published together as a single work for a single fee." Kay Berry, 421 F.3d at 205 (citing 43 Fed. Reg. 965, 966 (Jan. 5, 1978) (codified at 37 C.F.R. pt. 202)).

Moreover, even in the frame of these views of other courts and the Copyright Office, this Court would independently conclude that McLaren's registration is invalid.  The most natural reading of the regulation's requirement that the copyrightable works form a "single unit of publication" is that the works must be first published together to qualify as such.  This interpretation derives further support from the relationship between the "single work" registration regulation and the Copyright Act's distinct provisions for "group registration" of multiple works.  While group registration requires the group of works to be "related" to one another, 17 U.S.C. § 408(c)(1), the single work registration regulation contains no such requirement, but instead requires that they form a "single unit of publication."  It follows from this that the "single work" regulation's term "single unit of publication" refers to the circumstances of the publication, rather than the relationship of the works to one another, and, further, that the prior, separate publication of a copyrightable work precludes that work from being treated later, together with other published elements, as a "single

8

unit of publication." While McLaren protests that prior publication should not carry these consequences, she has identified no conceivable reason why the Register of Copyrights would have intended this regulation, on her theory, to permit a separately published work to subsequently become part of a "single unit of publication" together with other published elements, thus allowing the applicant to pay only a single registration fee. For these reasons, the Court agrees with Chico's and the Copyright Office that the regulation provides that only individual works <u>first published together in a single work</u> can qualify for "single work" registration.

McLaren's additional arguments against dismissal are unavailing. First, she has attached to her opposition papers an amended complaint that includes the new allegation that "[t]he Collection was first published together on the then web site of Ms. McLaren." Decl. of Mitchell J. Baker, 7/18/10, Ex. B (Amended Compl.), ¶ 13. From there, she argues that this alleged publication suffices to bring her registration within the requirements of the "single work" regulation. However, the amended complaint provides no indication of when that website was posted and gives no details regarding how the images from the Collection were displayed, thus rendering this allegation little more than conclusory. Moreover, even if the factual aspect of this allegation were credited, this claim that images composing the Collection were posted on her website would not in any event suffice to plead "publication." <u>See, e.g.,</u>

9

<u>Einhorn v. Mergatroyd Prods.</u>, 426 F. Supp. 2d 189, 197 n.5 (S.D.N.Y. 2006) ("merely posting a digital file" on the Internet does not amount to "publication" under the Copyright Act).  Furthermore, even assuming <u>arguendo</u> that website posting can amount to publication, there is no basis to conclude that this alleged publication represented the first time that any of the illustrations in the Collection was published, and for that reason, this new allegation fails to alter the conclusion that the Collection does not qualify for a "single work" registration.

Finally, McLaren seeks to rely on the presumption of validity that attaches to a certificate of copyright representation.  <u>See</u> <u>Fonar Corp. v. Domenick</u>, 105 F.3d 99, 104 (2d Cir. 1997) ("A certificate of copyright registration is prima facie evidence that the copyright is valid.").  This presumption, however, is rebuttable, <u>see id.</u>, and Chico's has rebutted it here by showing that the registration is invalid as a matter of law due to the prior registration of some of these works.

For the foregoing reasons, the Court, by its Order of September 27, 2010, held that McLaren lacked a valid copyright registration and accordingly dismissed her complaint.  Because the complaint, even as amended, contains substantive defects that could not be cured even if leave to replead were granted, the dismissal is

with prejudice.[3]

       Accordingly, the Clerk of the Court is directed to enter judgment dismissing the entire complaint with prejudice.

       Dated: New York, NY
              November 7, 2010

                                      JED S. RAKOFF, U.S.D.J.

---

[3] In dismissing the case based on the invalidity of the registration, the Court notes that it is not without sympathy for plaintiff, whose decision to seek a "single work" registration for the Collection rather than register the drawings individually was apparently based on the advice of her prior copyright counsel.  See Transcript, 8/5/10, at 8.

11